UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-61960-MARTINEZ/VALLE

CLEMENT CASTOR,

    Plaintiff,

v.

CITY OF PLANTATION, a political
subdivision of the State of Florida;
RYAN DUTY; THOMAS MARTINO III;
BASIL MULLINGS; BRETT O' HARA;
NICHOLAS PELOSI; JEFFERY
VENTURA, sued in their individual
capacities,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendants' Motion for Entry of Satisfaction of Judgment (ECF No. 17) (the "Motion"). United States District Judge Jose E. Martinez has referred the Motion to the undersigned to take all necessary and proper action as required by law with respect to post-judgment matters. (ECF No. 19).

Having reviewed the Motion (ECF No. 17), Plaintiff's response (ECF No. 18), Defendants' Replies (ECF Nos. 20, 21), and being otherwise fully advised in the matter, the undersigned respectfully recommends that the Motion be **DENIED AS PREMATURE** for the reasons set forth below.

### I.    BACKGROUND

The underlying litigation was short and simple. In October 2024, Plaintiff filed a Complaint against the City of Plantation and its officers, alleging violations of Plaintiff's rights

under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and related state-law causes of action. *See generally* (ECF No. 1). On April 14, 2025, Plaintiff filed a Notice of Acceptance of Offer of Judgment and Request for Clerk's Entry of Judgment. (ECF No. 14). Shortly thereafter, the Court entered an Order on Notice of Acceptance of Offer of Judgment and Directing Clerk's Entry of Judgment. (ECF No. 15). On April 16, 2025, the Clerk entered the following Judgment:

> Judgment is in favor of Plaintiff and against Defendants City of Plantation, Ryan Duty, Thomas Martino III, Basil Mullings, Brett O'Hara, Nicolas Pelosi, and Jeffrey Ventura pursuant to Federal Rules of Civil Procedures (68) in the total amount of $115,000.00, plus any applicable accrued interest at the statutory legal rate from the date of judgment until the judgment is fully satisfied.

(ECF No. 16) (the "Judgment").

Within days, however, the parties disputed the process for delivery of the Judgment proceeds, leading to the instant Motion. According to Plaintiff, Defendants were required to pay post-judgment interest, accruing at a rate of $12.57 per day from the date of the Judgment. (ECF Nos. 18 at 2, 18-1 at 1). Defendants, in turn, requested that Plaintiff complete a W-9 "for tax purposes in order to facilitate processing of [the] check." (ECF No. 18-1 at 2). According to Defendants, in the days that followed, Plaintiff did not properly complete the W-9. (ECF No. 17 at 2-3). Ultimately, on April 21, 2025, Plaintiff executed and returned a completed W-9. *Id.* at 3. On April 28, 2025, Defendants mailed Plaintiff's counsel a check for $115,000—the amount of the Judgment. *Id.* Plaintiff's counsel received Defendants' check on May 2, 2025, but did not cash it because, according to Plaintiff, "the check was neither certified nor inclusive of the post-judgment interest that had accrued pursuant to the Court's judgment." (ECF No. 18 at 4). The check remains uncashed and the Judgment outstanding. The instant Motion followed.

2

## II.   DISCUSSION

**A.  Defendants' Motion for Satisfaction of Judgment is Premature**

Under Federal Rule of Civil Procedure 60(b), a court may relieve a party or its legal representative from a final judgment, order, or proceeding for several reasons, including that the judgment has been satisfied, released, or discharged.  Fed. R. Civ. P. 60(b)(5).  "Rule 60(b)(5) is generally invoked when a party seeks entry of satisfaction of judgment because no acknowledgment of satisfaction has been delivered due to an ongoing dispute over the judgment amount."  *Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1304 (11th Cir. 2014) (quoting *Zamani v. Carnes*, 491 F.3d 990, 995 (9th Cir. 2007)); *Tosto v. Zelaya*, No. 06-CV-21213, 2012 WL 12850141, at *2 (S.D. Fla. Aug. 16, 2012), *aff'd sub nom. Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296 (11th Cir. 2014).

Relevant here, Federal Rule of Civil Procedure 69(a)(1) provides that:

> [a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Thus, Florida's procedure for satisfaction of judgment applies.  Pursuant to Florida law:

> (1) All judgments and decrees for the payment of money rendered in the courts of this state and which have become final, may be satisfied at any time prior to the actual levy of execution issued thereon *by payment of the full amount of such judgment or decree, with interest thereon, plus the costs of the issuance, if any, of execution thereon into the registry of the court where rendered*.
>
> (2) Upon such payment, the clerk shall execute and record in the official records a satisfaction of judgment upon payment of the recording charge prescribed in s. 28.24(13).  Upon payment of the amount required in subsection (1) and the recording charge required by this subsection and execution and recordation of the satisfaction by the clerk, any lien created by the judgment is satisfied and discharged.

§ 55.141, Fla. Stat.  Therefore, a judgment may be satisfied by a judgment debtor's payment of the full amount of the judgment, plus interest, into the Court Registry.  *Id.; Zelaya*, 769 F.3d at 1304;

3

*Weaver v. Stone*, 212 So. 2d 80, 81 (Fla. 4th DCA 1968) (citing Fla. Stat. § 55.141).  Notably, there is no requirement that Plaintiff consent to the satisfaction. *Zelaya*, 769 F.3d at 1304; *Weaver*, 211 So. 2d at 81.

Nonetheless, a personal check is insufficient to satisfy a judgment and does not toll interest. *DCC Constructors, Inc. v. Yacht Club Se., Inc.*, 839 So. 2d 731, 734 (Fla. 3d DCA 2003) (noting that a judgment creditor has the right to refuse a personal check to satisfy a judgment and insist on payment by cash or certified funds); *In re Est. of Woodruff*, 647 So. 2d 1045, 1046 (Fla. 4th DCA 1994) (same).  Proffer of a personal check is not the equivalent of cash or a certified check. *Keanie v. Goldy*, 698 So. 2d 1264, 1267 (Fla. 5th DCA 1997).  A personal check, for example, does not offer a guarantee that the funds will be honored, and a judgment creditor may lawfully refuse a personal check. *DCC Constructors*, 839 So. 2d at 734; *Woodruff*, 647 So. 2d at 1046 (confirming that judgment creditor would unquestionably be entitled to insist on cash or certified funds).  That said, a judgment creditor's acceptance of a personal check, without objection or conditions, precludes any further obligation on the debt claimed, if the check is honored. *Keanie*, 698 So. 2d at 1268.

Here, Defendants tendered a personal check for the full amount of the Judgment twelve days after the Clerk's entry of Judgment—i.e., the days between April 16, 2025 and April 28, 2025.  Because the tendered personal check did not include the then-minimal post-judgment interest amount, Plaintiff had the right to refuse Defendants' tender. *See DCC Constructors*, 839 So. 2d at 734; *see also Rissman v. Kilbourne*, 643 So. 2d 1136, 1140 (Fla. 1st DCA 1994) (noting that tender of a personal check is "at best conditional payment" because it is not final payment); *Woodruff*, 647 So. 2d at 1046 (holding that judgment creditor was entitled to interest on judgment, which accrued after delivery of check and for the number of days it took check to clear).

4

Accordingly, because Defendants failed to comply with the statutory procedure and legal precedent requiring that payment of the Judgment: (i) include post-judgment interest; and (ii) be in the form of cash, certified check, or be deposited into the Court Registry, Defendants are not entitled to a satisfaction of Judgment at this time.[1]

### B. Plaintiff is Entitled to Post-Judgment Interest

Having found that Defendants are not entitled to a satisfaction of judgment at this time, the undersigned next considers whether Plaintiff is entitled to post-judgment interest. As discussed above, because Plaintiff lawfully refused to accept payment of the Judgment by personal check, post-judgment interest has continued to accrue from the date of Judgment (i.e., April 16, 2025) to the date of payment. *See* 28 U.S.C.A. § 1961(b); § 55.03(3), Fla. Stat.; *see also Zelaya*, 769 F.3d at 1304; *Keanie*, 698 So. 2d at 1268 (holding that post-judgment interest on a personal check stops accruing when the tender of the full amount of payment plus interest is accepted by the judgment creditor); *DCC Constructors*, 839 So. 2d at 734 (concluding that post-judgment interest continues to accrue on a final judgment until the full amount is properly tendered). Thus, Defendants currently owe the Judgment amount ($115,000), plus interest, which continues to accrue until Defendants tender either cash, a certified check, or deposit funds into the Court Registry.[2]

---

[1] Relatedly, Defendants' request that Plaintiff complete a W-9 has no bearing on whether Defendants have satisfied the Judgment. Rather, § 55.141 mandates a judgment debtor to satisfy the judgment by tendering the final judgment (plus accrued interest) into the Court Registry. *See* § 55.141, Fla. Stat. There is no requirement that the judgment creditor comply with paperwork (e.g., a W-9 tax form). Accordingly, Plaintiff's failure to complete and return the W-9 for tax purposes does not support Defendants' request for relief.

[2] Defendants' claims to the contrary are unavailing and Defendants have provided no legal authority to support their request. *See generally* (ECF No. 17).

To calculate the post-judgment interest amount, the Court looks to 28 U.S.C.A § 1961. *Bryant Motors, Inc. v. Blue Bird Body Co.*, No. 06-CV-353(CAR), 2009 WL 1796001, at *3 (M.D. Ga. June 22, 2009) ("Pursuant to § 1961(a), post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court."). Section 1961(a) provides that "[post-judgment] interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *See also Signature Fin. LLC v. Motorcoach Class "A" Transportation, Inc.*, No. 21-CV-729-PGB-DCI, 2022 WL 3646103, at *9 (M.D. Fla. June 16, 2022), *report and recommendation adopted*, 2022 WL 18495247 (M.D. Fla. July 8, 2022). Here, the Judgment was entered on April 16, 2025; therefore, the week preceding was Monday, April 7, through Friday, April 11. *See* (ECF No. 16).

| Date | Daily Interest Rate |
|---|---|
| 04/07 | 3.86 |
| 04/08 | 3.83 |
| 04/09 | 4.03 |
| 04/10 | 3.97 |
| 04/11 | 4.04 |

The applicable post-judgment interest rate is therefore 3.95%, based on the weekly average of the listed rates: (3.86 + 3.83 + 4.03 + 3.97 + 4.04) ÷ 5 = 3.946%. *See also* http://postjudgmentinterest.com/index.php (last visited July 22, 2025). Further, the daily interest amount is based on multiplying the Judgment ($115,000) times the rate (0.0395), divided by 365 days in the year = $12.45 per day. *See* 28 U.S.C.A § 1961; U.S. Dep't of the Treasury, Daily Treasury Par Yield Curve Rates, https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2025

(last visited July 22, 2025). Accordingly, Plaintiff is owed the Judgment amount, plus post-judgment interest at a daily rate of $12.45. *See Zelaya*, 769 F.3d at 1304. Interest will stop accruing on the date Defendants either pay by cash, certified check, or deposit the funds into the Court Registry (based on $115,000, plus interest (at a rate of $12.45/day)).[3]

Lastly, to facilitate prompt resolution of this dispute without further delay, the undersigned recommends that Defendants deposit the Judgment (plus post-judgment interest) into the Court Registry as soon as practicable. Upon deposit of the proper amount into the Court Registry, Defendants would be entitled to satisfaction of judgment upon further motion to the District Judge.

### III.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Defendants' Motion for Entry of Satisfaction of Judgment (ECF No. 17) be **DENIED AS PREMATURE**; and

2. Unless otherwise mutually agreed to by the parties, as soon as practicable, Defendants must deposit the amount of the Judgment (plus post-judgment interest) into the Court Registry, with post-judgment interest calculated as set forth above.

Within **14 days** after being served with a copy of this Report and Recommendation ("R&R"), any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Subsequently, within **14 days**, a party may respond to objections, if any, filed to this R&R. Failure to timely object waives the right to challenge on appeal the District Court's

---

[3] To illustrate, if Defendants deposit the funds into the Court Registry today (July 22, 2025), the calculation yields $1,207.18 in interest on the $115,000 Judgment, for a total deposit of $116,207.18. *See* http://postjudgmentinterest.com/index.php (last visited July 22, 2025).

order based on unobjected-to factual and legal conclusions contained in this R&R. 11th Cir. R. 3-1 (2024); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Lastly, if counsel do not intend to file objections, they shall file a Notice of Non-Objection **within 7 days** of this R&R.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on July 22, 2025.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Jose E. Martinez
    All counsel of record